DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tammy Mollica, appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that modified a prior agreed order that had designated Tammy as the residential parent of her minor child following the dissolution of her marriage to Appellee. Because Tammy failed to preserve most of her challenges for appellate review, we affirm.
 {¶ 2} Tammy Mollica ("Tammy") and Frank Mollica ("Frank") were married from July 19, 1996 until the dissolution of the marriage on December 28, 1999. Pursuant to the parties' separation agreement, Tammy was designated the residential parent of the couple's only child, Derek, who was born May 24, 1997. On October 5, 2000, Tammy and Derek moved to Maryland. Tammy remained the residential parent but, due to the long distance between Frank and Derek, visitation was modified pursuant to an agreed companionship schedule in an entry filed May 16, 2001.
 {¶ 3} The current dispute arose due to Tammy's alleged failure to follow the visitation schedule and Frank's alleged failure to pay child support and some of Tammy's expenses that he had agreed to pay. Both parties' motions were addressed at an evidentiary hearing conducted before a magistrate. The magistrate ordered that Frank be designated the residential parent due to, among other things, Tammy's failure to allow visitation in person or by phone between Frank and Derek. Tammy was ordered to pay child support and her obligation was offset by Frank's child support arrearage, which the magistrate found to be approximately $900.
 {¶ 4} Tammy filed objections to the magistrate's decision but did not support her objections with a transcript of the hearing before the magistrate. The trial court overruled the objections and adopted the magistrate's decision. Tammy appeals and raises five assignments of error that will be addressed out of order for ease of discussion.
 {¶ 5} Initially, we must note that, although Tammy filed on appeal a transcript of the proceedings before the magistrate, she filed no such transcript with her objections in the trial court. Civ.R. 53(E)(3)(b) provides:
 {¶ 6} "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 7} Although Tammy filed a transcript of proceedings on appeal, we cannot consider a transcript of the magistrate's hearing that was not before the trial court when it considered the objections to the magistrate's decision. See Molnar v. Molnar (June 20, 2001), 9th Dist. No. 3102-M. Consequently, because Tammy filed no transcript with her objections, we will address Tammy's assignments of error only insofar as they raise legal challenges that were preserved for appellate review through timely objections in the trial court.
 Assignment of Error I
"The trial court erred as a matter of law and abused its discretion in awarding temporary and permanent custody to [Frank] because a change in circumstances had not occurred justifying a modification of custody."
 Assignment of Error III
"The trial judge erred as a matter of law and abused its discretion in awarding temporary and permanent custody to [Frank] because it failed to consider and conclude that the harm likely to be caused by the change in circumstances was outweighed by the benefits that will result from the change of custody."
 Assignment of Error V
"The trial court erred as a matter of law and abused its discretion in failing to hold [Frank] in contempt for not paying the car payment and failing to provide the calling card as required by the prior court order."
 {¶ 7} These assignments of error challenge the factual findings made by the magistrate, and later adopted by the trial court. As explained above, Tammy failed to support her objections to the magistrate's factual findings with a transcript of proceedings timely filed in the trial court. Consequently, we are precluded from reaching the merits of these assignments of error. Civ.R. 53(E)(3)(b). The first, third and fifth assignments of error are overruled accordingly.
 Assignment of Error IV
"The trial court erred as a matter of law and abused its discretion in failing to appoint a guardian ad litem."
 {¶ 8} According to the magistrate's decision, a guardian ad litem appeared at the hearing before the magistrate, but the magistrate dismissed her because Derek was reluctant to participate in an in camera interview. Tammy takes issue with the magistrate limiting the role of the guardian ad litem solely to participation in the in camera interview. Tammy failed to preserve this issue for appellate review, however. In addition to her failure to file a transcript with her objections to the magistrate's decision, as noted above, she failed even to raise this issue in her objections to the magistrate's decision. Consequently, she is precluded from raising this issue on appeal. Civ.R. 53(E)(3)(b). The fourth assignment of error is overruled.
 Assignment of Error II
"The trial court erred as a matter of law and abused its discretion in awarding temporary and permanent custody to [Frank] because it failed to properly consider and determine that the best interest of the child would require a modification of custody."
 {¶ 9} Although Tammy raises challenges to the magistrate's factual findings here as well, she also raises a challenge to the trial court's decision that can be reviewed on the face of the magistrate's decision. Tammy contends that the magistrate, and consequently the trial court, failed to consider all of the required factors under R.C. 3109.04 when addressing the best interests of the child.
 {¶ 10} When determining whether it is the best interest of the child to modify custody, R.C. 3109.04(F)(1) requires the trial court to consider all relevant factors, including but not limited to:
"(a) The wishes of the child's parents regarding the child's care;
"(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
"(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
"(d) The child's adjustment to the child's home, school, and community;
"(e) The mental and physical health of all persons involved in the situation;
"(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
"(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
"* * *
"(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; [and]
"(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 11} We will presume that the trial court considered all of the relevant factors absent an affirmative demonstration to the contrary.Stoyka v. Stoyka (June 19, 1996), 9th Dist. No. 95CA006232. The detailed findings of the magistrate do not affirmatively indicate that she failed to consider any of the relevant factors enumerated in R.C. 3109.04(F)(1). In fact, the magistrate's findings demonstrate that she did consider all of the relevant factors including the wishes of the parents, the child's reluctance to express his wishes to the court, the fact that the child was only in preschool, Tammy's past pattern of failing to honor Frank's court-approved visitation either in person or by phone, Frank's child support arrearages and the reasons for his failure to pay, and the fact that Tammy relocated to Maryland but both parents have family here in Ohio. The second assignment of error is overruled.
 {¶ 12} Tammy's assignments of error are overruled and the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
SLABY, P.J., CARR, J. CONCUR.
REECE, J., retired judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV,§ 6(C), Constitution.